UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON ZIMMERLY,

               Plaintiff,

     v.

PIERCE COUNTY et al.,

               Defendants.

CASE NO. 3:26-cv-05032-DGE

ORDER DISMISSING
COMPLAINT

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint asserting causes of action against Pierce County, Puyallup Municipal Court Judge Sandra Allen and unnamed "officials, prosecutors, deputies and employees" of Pierce County. (Dkt. No. 4.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

ORDER DISMISSING COMPLAINT - 1

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff's causes of action stem from a dispute over a county-owned parcel of land near her home in Pierce County.  Plaintiff alleges she reported various problems with the parcel, including "invasive plants, lack of maintenance, and illegal encroachments by neighbors[.]" (Dkt. No. 4 at 4.)  Plaintiff alleges Pierce County employees acknowledged receipt of her complaints but took no action against her neighbors.  (*Id.*)  Plaintiff claims her complaints led her neighbors to seek anti-harassment orders against her, one of which was granted by Judge Sandra Allen.  (*Id.*)

Plaintiff claims the Pierce County Prosecutor's Office brought criminal charges against her stemming from "baseless claims about [her] social media posts and false police reports" made by her neighbors.  (*Id.*)  Plaintiff contends that during a hearing in February 2025, she overheard the prosecutor tell her court-appointed defense attorney that a key witness was "not vetted and lying."  (*Id.*)  Plaintiff contends the prosecutor allowed the testimony anyway and her attorney did not object.  (*Id.*)  Plaintiff states she was convicted based on this testimony and is currently on probation.  (*Id.*)

ORDER DISMISSING COMPLAINT - 2

Plaintiff contends Pierce County has unfairly targeted her, causing emotional distress, damage to her reputation, restrictions on her liberty and her use of her property, and significant legal expenses.  (*Id.* at 5.)  Plaintiff asserts several claims against Pierce County, Puyallup Municipal Court Judge Sandra Allen and unnamed officials, prosecutors, deputies and employees of Pierce County under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 1985(3).  Plaintiff alleges Defendants: (1) retaliated against her for engaging in protected speech; (2) knowingly permitted perjured testimony; (3) selectively enforced the law against her; and (4) maliciously prosecuted her.  (Dkt. No. 4 at 5–6.)  Plaintiff sues Judge Allen in her personal and official capacities and the unnamed employees of Pierce County in their personal capacities.  (*Id.* at 1.)

With respect to Plaintiff's claims against Pierce County, "[w]hile local governments may be sued under [42 U.S.C.] § 1983, they cannot be held vicariously liable for their employees' constitutional violations."  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013).  Instead, to state a § 1983 claim against a municipality, a plaintiff must allege facts to support a reasonable inference that the execution of a policy, custom, or practice of the municipality was the "moving force" behind a deprivation of his constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–692 (1978).

There are three established scenarios in which a municipality may be liable for constitutional violations under § 1983.  "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (quoting *Monell*, 436 U.S. at 708).  Second, a plaintiff can prevail on a § 1983 claim against a municipality by

ORDER DISMISSING COMPLAINT - 3

identifying acts of omission, such as a pervasive failure to train its employees, "when such omissions amount to the local government's own official policy." *Id.* Finally, a municipality "may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier*, 591 F.3d at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–1347 (9th Cir. 1992)).

Here, Plaintiff alleges Pierce County has a "custom/practice" of retaliating against complainants, demonstrates "deliberate indifference to perjury and easement enforcement" and improperly handles public property. (Dkt. No. 4 at 6.) Plaintiff's complaint, even liberally construed, alleges no facts establishing a policy or custom by Pierce County responsible for Plaintiff's injuries.

As to Plaintiff's allegations against unnamed Pierce County officials in their personal capacities, personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.*

Furthermore, for individual county or state employees sued for damages under § 1983, a plaintiff must allege facts showing "how each individually named defendant caused, or personally participated in causing, the harm alleged in the complaint." *Bjurling v. Johnson*, Case

ORDER DISMISSING COMPLAINT - 4

No. C25-5559JLR, 2025 WL 1866069 at *1 (W.D. Wash. Jul. 7, 2025), citing *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

With respect to Plaintiff's claims against Judge Allen, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 356–357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1872). Nor can Plaintiff maintain her claims against Judge Allen in her personal capacity. Plaintiff only alleges Judge Allen granted an anti-harassment order against her and imposed certain bond conditions. *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 973 F. Supp. 2d 1082, 1098 (D. Ariz. 2013) ("Generally, judges who are sued in their personal capacities for decisions made in their judicial capacities are entitled to absolute judicial immunity.").

Further, to the extent Plaintiff challenges her state court conviction, various doctrines counsel against intervention by the federal courts at this stage. For example, the *Younger* abstention doctrine mandates that federal courts must generally abstain from interfering in a parallel, pending state criminal proceeding. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger v. Harris*, 401 U.S. 37, 43–54 (1971)).

Similarly, under what is known as the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) ("A party

ORDER DISMISSING COMPLAINT - 5

disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court.  A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court.  In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.").

A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment.  *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling.  *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (quotation marks omitted)).

Accordingly, Plaintiff's claims against Judge Allen are DISMISSED with prejudice. Plaintiff's remaining claims are DISMISSED without prejudice for failure to state a claim and for lack of subject matter jurisdiction based on the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine.

Dated this 21st day of January, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT - 6